UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-00258 |
| | ) | JUDGE CAMPBELL |
| ALICIO MENDOZA MARTINEZ | ) | |

MEMORANDUM AND ORDER

Pending before the Court are the Defendant's *pro se* Motion For Consideration Of Sentence Reduction Under Amendment 782 (Docket No. 654); a supplemental brief (Docket No. 684), filed by counsel for the Defendant; and the Government's Response (Docket No. 699). Through his filings, the Defendant seeks a two-point reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. (Background Information Section of Frequently Asked Questions: Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov.) The Amendment was given retroactive effect, but offenders may not be released from prison based on the Amendment earlier than November 1, 2015. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made

retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

The Defendant pled guilty, pursuant to a Plea Agreement, to a drug trafficking conspiracy involving five kilograms or more of cocaine. (Docket Nos. 192, 193). At sentencing, the Court found that the Defendant's Total Offense level was 27, and that his Criminal History Category was 3. (Docket Nos. 416, 417, 441). In arriving at the Total Offense Level, the Court determined that various adjustments were applicable, including a reduction for the Defendant's mitigating role in the offense. (Id.) Based on these determinations, the Court concluded that the Defendant's Advisory Sentencing Guideline Range was 87 to 108 months. (Id.) The Court also determined that the 10-year statutory mandatory minimum sentence applied to the offense of conviction. (Id.) After granting the Government's motion for downward departure based on

substantial assistance, however, which allowed the Court to sentence below the mandatory minimum sentence, the Court sentenced the Defendant to 78 months of imprisonment. (Id.)

As explained by the Probation Office in the Supplement to the Defendant's Presentence Investigation Report, application of Amendment 782 does not have the effect of lowering the Defendant's guideline sentencing range. The version of Sentencing Guideline 2D1.1 applicable at Defendant's sentencing hearing applied a base offense level of 32 to the five to fifteen kilograms of cocaine for which the Defendant was held responsible. That level was reduced by two levels based on Subsection (a)(5)(i), which provides as follows:

(a) Base Offense Level (Apply the greatest):

\* \* \*

> (5) the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level **32**, decrease by 2 levels. . .

(U.S.S.G. § 2D1.1(a)(5) (2011 edition)). After applying this reduction and the other adjustments set forth in the Sentencing Guidelines, the Court arrived at the Base Offense Level of 27, as described above.

Under the current version of Sentencing Guideline 2D1.1 (after the reductions made by Amendment 782), the base offense level for five to fifteen kilograms of cocaine is level 30. As a result, the 2-level reduction set forth in Subsection (a)(5)(i) would not apply to the Defendant. Therefore, after applying the other adjustments set forth in the Sentencing Guidelines, the Defendant's Base Offense Level remains unchanged at level 27, and the Advisory Sentencing Guideline Range remains unchanged at 87 to 108 months. Because the Defendant's guideline range has not "subsequently been lowered," he is not entitled to a reduction in his sentence under

18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(2)(B). Accordingly, Defendant's request for a sentence reduction is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE